Agrued and submitted January 26, affirmed as to violations and remanded for
reconsideration of penalties April 4, 1990

## ACCIDENT PREVENTION DIVISION,
*Respondent,*

*v.*

## SURCAMP,
*Petitioner.*

(SH-88106; CA A60827)

789 P2d 698

George A. Morris, Springfield, argued the cause for peti-
tioner. With him on the brief was Morris & O'Kief, Spring-
field.

Jas Adams, Assistant Attorney General, Salem, argued the
cause for respondent. With him on the brief were Dave
Frohnmayer, Attorney General, and Virginia L. Linder, Solic-
itor General.

Before Buttler, Presiding Judge, and Warren and
Rossman, Judges.

## WARREN, J.

Defendant seeks review of an assessment of penalties of $4,700 pursuant to a citation issued by the Accident Prevention Division (Division). We hold that there is substantial evidence to support the referee's decision to assess penalties but remand to the Board to reconsider the amount of the penalties in accordance with the rules in effect at the time of the violations.

■ The Board found defendant in violation of OAR 437-80-035(2), OAR 437-80-015(3) and OAR 437-80-015(4), and defendant challenges the findings for all but OAR 437-80-015(4). OAR 437-80-035(2) requires that "employes shall be alert at all times for logs, trees, rootwads, rocks or other objects that could roll or slide towards [sic] them or others as a result of any work activity." There was evidence that the log that fatally injured Ronald Pace slid down from an area around or under a landing where defendant's employees had installed a portable tower that was used to haul logs 800 feet up to the landing. Although there was evidence that the log that slid down did not come from the area directly between the work area and the landing, the evidence of snowfall earlier that day plus the location of the tower around or above the area from which the log slid provide substantial evidence to permit an inference that the work activity caused the slide. The employee who was acting as lookout during much of the operation stated that he was not formally designated as the lookout and that he was starting a fire at the time that the log slid down. No other employee was designated as a lookout. There is substantial evidence on the basis of countervailing as well as supporting evidence from which a reasonable person could find that there was a violation. ORS 183.482(8)(c).

■ OAR 437-80-015(3) requires monthly safety meetings involving all crew members and documentation of minutes and attendance. It was company procedure for each crew supervisor to conduct the meeting and to turn in the documentation to the bookkeeper. Gilbert, Division's investigator, found complete documentation in the files from one supervisor who had told Gilbert that he had conducted monthly meetings and very little documentation of monthly meetings conducted by any other supervisor. Gilbert spoke with no other supervisor. Because employer's procedure required turning the documentation in to the bookkeeper, evidence that

there was no documentation of regular monthly meetings by most supervisors was substantial evidence in the whole record of a violation of the safety meetings requirement. The Board reasonably inferred that the monthly meeting requirement was violated.

Defendant also argues that the referee imposed improper penalties for the three violations. Division concedes that errors occurred. We remand to the Board to reconsider the penalties.

Affirmed as to violations; remanded for reconsideration of penalties.